Nicholson, C. J.,
delivered the opinion of the court.
H. H. Reed & Co. recovered judgment against Boyd & Wester in the Roane Circuit Court, on three notes, for $796.73. The bill is filed to have the judgment credited with $130. The allegation is, that “ complainants, in accordance with the order and re *632 quest of defendants, sent through the mail to Philadelphia about $130, in the year 1860; said money was sent to defendants’ address, at their request.” The bill was sworn to, and injunction obtained. Defendants answer that “it is untrue that they ordered and requested the complainants to remit money by mail; that they never authorized remittances, in that way; and further deny that said sum of $130 was ever remitted to them.” The answer is sworn to.
The only witness in the case, J. L. M. French, states that “ Capt. Lackey handed me $103, in the spring' of 1861, and I furnished $27, which two amounts ($130), by the request of Boyd & Wester, I remitted to Messrs H. H. Reed & Co., Philadelphia.” He says further that he was complainants’ and not defendants’ agent.
The Chancellor decreed that complainants were entitled to a credit of the $130. The allegation of complainants is, that they sent through the mail $130 to the address of defendants at Philadelphia. The answer is, that complainants never remitted $130 to defendants. The bill and answer are both sworn to. Therefore, assuming that the response, as to a fact as to which defendants could have no personal knowledge, is to be taken as a denial, it only required the testimony of one witness to sustain the allegation. French proves that he remitted the $130 to the address of defendants. We are bound to conclude that the money was remitted as alleged. But complainants also allege that they remitted the money by the order and request of defendants. They re *633 spond that it is untrue that they ordered or requested complainants to send the 'money by mail. This is directly responsive to the allegation, and is conclusive unless disproved by at least one witness. There is no evidence contradicting the statement o£ the answer, and we must conclude that the money was sent by mail without any order or request from defendants.
Under this state of the facts, upon whom must the loss fall? There is no evidence either that complainants were requested to send the money by mail, or that such was the course of business generally, or that it had been the course of business between these parties. A remittance by the post is good if ordered or requested, or if warranted by the course of business: 3 Phillips Ev., 372 (note). In the absence of proof, we can not presume that the sending of the money by mail was tantamount to a payment.
The decree of the Chancellor was therefore erroneous and must be reversed, and the bill dismissed with costs.